**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Carla Tessman, Individually and for Others Similarly Situated,** *Plaintiff*, | § § § | **CIVIL ACTION NO. 4:26-cv-02581** |
| | § | **Jury Trial Demanded** |
| **v.** | § § | |
| **Movento Design LLC and Rafael Perez G.,** | § § § | **FLSA Collective Action Pursuant to 29 U.S.C. § 216 (b)** |
| *Defendants*. | § | |

**PLAINTIFF CARLA TESSMAN'S ORIGINAL COMPLAINT**

## INTRODUCTION

1. This is an unlawful wage theft case. Movento Design LLC and its CEO and owner, Rafael Perez G., misclassified Carla Tessman and other similarly situated workers as independent contractors when, under the economic realities test, they functioned at all times as employees. As a result, Defendants failed to pay Ms. Tessman and other misclassified workers minimum wages and all wages owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and under the parties' written agreement.

2. The FLSA was enacted to eliminate "labor standards detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers" and to prevent substandard labor conditions from being used as an "unfair method of competition" against reputable employers. 29 U.S.C. § 202(a).

3. Carla Tessman brings this collective action suit to recover unpaid wages, liquidated damages, attorneys' fees, costs, and all other relief available under the FLSA.

## PARTIES

4. Plaintiff Carla Tessman is an individual residing in Texas. Ms. Tessman's consent form to bring this lawsuit is attached as Exhibit A.

5. Ms. Tessman brings this collective action on behalf of herself and all other similarly situated individuals who worked for, or are still working for Defendants, and who were misclassified as independent contractors and denied wages owed under the FLSA.

6. The putative FLSA collective is defined as follows:

> **All individuals whom Movento Design LLC or Rafael Perez G. classified as independent contractors and failed to pay minimum wages or other wages owed under the FLSA at any time during the past three (3) years ("Misclassified Workers").**

7. Defendant Movento Design LLC ("Movento") is a Texas limited liability company doing business at 21815 Katy Fwy, C-106, Katy, Texas 77450. Movento Design LLC may be served through its registered agent or wherever it may be found.

8. Defendant Rafael Perez G. is the CEO and Owner of Movento Design LLC. At all relevant times, Defendant Perez acted directly or indirectly in the interest of Movento Design LLC with respect to Plaintiff and the other Misclassified Workers. He exercised operational and financial control over Movento Design LLC, set compensation for workers, and made decisions regarding classification of workers. Defendant Perez may be served at 21815 Katy Fwy, C-106, Katy, Texas 77450, or wherever he may be found.

9. At all relevant times, Movento Design LLC and Rafael Perez G. were joint employers of Plaintiff Carla Tessman and the other Misclassified Workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law — specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. Plaintiff performed work for Defendants in Harris County, Texas. Defendants conduct business in Harris County, Texas.

## COVERAGE UNDER THE FLSA

12. At all relevant times, Movento Design LLC was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all relevant times, Rafael Perez G. was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all relevant times, Movento Design LLC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA.

29 U.S.C. § 203(s)(1). On information and belief, Movento Design LLC had annual gross revenues in excess of $500,000 during the relevant period.

15. At all relevant times, Plaintiff Carla Tessman and the other Misclassified Workers were "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), regardless of how Defendants labeled them.

## BACKGROUND & FACTS

16. Movento Design LLC is a design company operating out of Katy, Texas, in the business of providing design services to clients.

17. To meet its business objectives, Movento Design LLC hired Carla Tessman and the other Misclassified Workers to perform sales, marketing, and client-facing work on its behalf.

18. Ms. Tessman worked for Defendants from approximately September 26, 2025 through December 22, 2025.

19. Pursuant to a written offer letter, Defendants agreed to pay Ms. Tessman a base salary of $3,500 per month, plus tiered commissions: 5% on sales up to $150,000; 3% on sales between $150,001 and $500,000; 2% on sales between $500,001 and $1,000,000; and 1% on sales above $1,000,000.

20. Despite this written agreement, Defendants misclassified Ms. Tessman as an independent contractor and failed to pay her all wages owed, including the base salary promised under the offer letter.

21. Although Defendants labeled Ms. Tessman a "1099 contractor," the economic reality of the relationship demonstrates she was an employee:

a. Defendants set Ms. Tessman's compensation — a fixed monthly base of $3,500 plus commissions — without negotiation;

b. Ms. Tessman was hired for a full-time, ongoing role integral to Movento Design's core business operations;

c. Ms. Tessman was required to use Movento Design's systems, including Zoho CRM;

d. Ms. Tessman was subject to daily supervision, including frequent required video calls with Defendants and their personnel;

e. Ms. Tessman performed sales, marketing, and client-facing work exclusively for Movento Design and did not provide services to other clients;

f. Ms. Tessman did not operate an independent business, did not invoice clients directly, and bore no entrepreneurial risk; and

g. Defendants controlled the manner and means by which Ms. Tessman performed her work.

22. These facts satisfy the economic-realities test applied in the Fifth Circuit and establish employee status as a matter of law.

23. As a direct result of Defendants' misclassification, Ms. Tessman was not paid federal minimum wage for all hours worked during weeks in which Defendants failed to pay her at all.

24. Based on payroll records, checks, electronic payments, CRM access records, and the written offer letter, Ms. Tessman is owed no less than $4,000 in unpaid wages.

25. Defendants' failure to pay Ms. Tessman the wages owed is not the result of a good-faith dispute. Defendants knew or should have known that their classification practice violated the FLSA.

26. On information and belief, Defendants applied the same misclassification practice uniformly to other similarly situated workers.

## COLLECTIVE ACTION ALLEGATIONS

27. All of the above paragraphs are incorporated here.

28. Like Ms. Tessman, the other Misclassified Workers were victimized by Defendants' uniform practice of misclassifying workers as independent contractors to avoid paying wages required by the FLSA.

29. The Misclassified Workers are similarly situated in the most relevant respects. They were all subject to Defendants' common policy and practice of classifying them as independent contractors, controlling their work, setting their compensation, and failing to pay required wages.

30. Even if the precise job duties of Misclassified Workers might vary, these differences do not affect the central question of whether Defendants' classification practice violated the FLSA.

31. The back wages owed to Ms. Tessman and the other Misclassified Workers can be calculated using the same legal analysis applied to the same records maintained by Defendants.

32. The Misclassified Workers are known to Defendants and are identifiable through Defendants' business and personnel records.

33. There are many similarly situated Misclassified Workers who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

34. A collective action is superior to other available means for fair and efficient adjudication of this lawsuit. Absent this collective action, many Misclassified Workers will not obtain redress for their injuries, and Defendants will reap the unjust benefits of their FLSA violations.

35. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly violated the FLSA with respect to Ms. Tessman and the other Misclassified Workers.

## DEFENDANTS' ACTIONS WERE KNOWING, WILLFUL, AND DONE IN RECKLESS DISREGARD OF THE FLSA

36. All other paragraphs are incorporated here.

37. Defendants know they are subject to the FLSA's minimum wage and overtime provisions.

38. Defendants know that misclassifying employees as independent contractors does not eliminate the obligation to pay required wages under the FLSA.

39. Defendants knew or should have known that Ms. Tessman and the other Misclassified Workers were employees under the economic-realities test.

40. Defendants know, should know, or showed reckless disregard for whether their conduct described in this Complaint violated the FLSA.

41. Defendants' failure to pay Ms. Tessman and the other Misclassified Workers all wages owed is not reasonable and was not done in good faith.

## CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA (29 U.S.C. § 206)

42. All other paragraphs are incorporated here.

43. Defendants violated the FLSA by failing to pay Ms. Tessman and the other Misclassified Workers the federally mandated minimum wage for all hours worked, including during workweeks in which Defendants failed to pay them any wages at all. 29 U.S.C. § 206.

44. Defendants' unlawful conduct harmed and continues to harm Ms. Tessman and the other Misclassified Workers by depriving them of the minimum wages they are owed.

45. Because Defendants' violations were willful, the applicable statute of limitations is three years. 29 U.S.C. § 255(a).

46. Defendants are liable to Ms. Tessman and the other Misclassified Workers for all unpaid minimum wages, plus an equal amount as liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 216(b).

## CAUSE OF ACTION: FAILURE TO PAY WAGES OWED UNDER THE FLSA (29 U.S.C. § 207)

47. All other paragraphs are incorporated here.

48. Defendants violated the FLSA by employing Ms. Tessman and the other Misclassified Workers and failing to compensate them for all hours worked at the agreed-upon rates, in an amount no less than $4,000 for Ms. Tessman individually.

49. Defendants owe Ms. Tessman and the other Misclassified Workers all unpaid wages at the rates agreed upon, plus an equal amount as liquidated damages. 29 U.S.C. § 216(b).

50. Because Defendants' violations were willful, Defendants owe these wages for at least the past three years. 29 U.S.C. § 255(a).

51. Defendants are also liable to Ms. Tessman and the other Misclassified Workers for all reasonable attorneys' fees and costs incurred in this action. 29 U.S.C. § 216(b).

## JURY DEMAND

52. Ms. Tessman demands a trial by jury on all issues so triable.

## RELIEF SOUGHT

For the above stated reasons, Plaintiff Carla Tessman, individually and on behalf of the other Misclassified Workers, respectfully requests that this Court:

a. Designate this lawsuit as a collective action and authorize notice to the Misclassified Workers, allowing them to join this action by filing a written consent;

b. Find Defendants liable to Ms. Tessman and the other Misclassified Workers for all unpaid wages owed under the FLSA, plus liquidated damages in an equal amount;

c. Award Ms. Tessman and the other Misclassified Workers all unpaid minimum wages, liquidated damages, and any other penalties available under the FLSA;

d. Award Ms. Tessman and the other Misclassified Workers reasonable attorneys' fees, costs, and expenses;

e. Award pre- and post-judgment interest at the highest applicable rates; and

f. Grant such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**LAURA HERNANDEZ LAW, PLLC**

*/s/ Laura A. Hernandez*

Laura A. Hernandez
Fed. Bar No. 2935637
Texas SBN: 24100107
Email:
LHernandez@laurahernandezlaw.com
7008 Capitol St.
Houston, TX 77011
Telephone: (281) 784-0355
Facsimile: (281) 784-0356